# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| STANLEY ALEXANDER | § | |
| | § | |
| v. | § | SA-10-CV-249 |
| | § | |
| RICK THALER | § | |

**ORDER**

On August 10, 2010, the Magistrate Judge filed his Memorandum and Recommendation that Petitioner's application for a writ of habeas corpus be dismissed because the petition is barred AEDPA's statute of limitations.

Petitioner has filed an objection to the Memorandum and Recommendation.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected

to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

Petitioner does not dispute the following facts described in the Memorandum and Recommendation: On November 14, 2007, he was sentenced to serve 30 years for robbery. His conviction was affirmed by the state appellate court on October 15, 2008. He did not seek direct review with the Texas Court of Criminal Appeals. Accordingly, his judgment became final on November 14, 2008.

On November 9, 2009, he filed his state habeas application. The Texas Court of Criminal Appeals denied the application on March 17, 2010. This federal habeas application was filed March 26, 2010.

The Magistrate Judge noted that the AEDPA limitations period would have expired, but for tolling, on November 14, 2009. The Magistrate Judge, however, correctly excluded the period between November 9, 2009 and March 17, 2010 from the limitations computation. Accordingly, the Magistrate Judge concluded that the deadline for filing this section 2254 application was March 23, 2010. The Petitioner accordingly was three days late.

In his objection, the Petitioner argues that he is entitled to equitable tolling of the statute of limitations. Specifically, he argues that although the CCA denied his state application on March 17, 2010, he did not receive the "white card" notifying him of that denial until March 22, 2010.

2

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. Excusable neglect does not support equitable tolling.

Because equitable tolling is available only when the petitioner meets the high hurdle of showing that (1) extraordinary circumstances (2) beyond his control (3) made it impossible to file his petition on time, equitable tolling is inappropriate in most cases. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (commenting that court can allow untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. See id. § 2244(d)(1)(A)-(D).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. Id.

3

§ 2244(d)(2).

Although the Petitioner does not reference *Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000), he in essence is arguing for equitable tolling. In *Phillips*, the petitioner argued that there was a four month delay in his receiving the "white card" and thus he should be entitled to equitable tolling. Notwithstanding its previous cautions that equitable tolling is permissible only in "rare and exceptional" circumstances, the Fifth Circuit agreed with Phillips stating that Phillips pursued his federal habeas process with "diligence and alacrity." *Id.* at 511. The Court noted that Phillips filed for an out-of-time appeal within three days of receiving notice of the CCA denial. He then filed his federal habeas corpus appeal within one month of the denial of the out-of-time appeal.

In this case, the Court finds that Petitioner Alexander likewise pursued his federal habeas process with "diligence and alacrity" and thus is entitled to equitable tolling.

## Conclusion

The Memorandum and Recommendation is not accepted. The Motion to Dismiss (docket no. 8) is DENIED.

It is so ORDERED.

SIGNED this 22nd day of September, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE