## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| STANLEY ALEXANDER, §<br>§<br>*Petitioner*, §<br>§<br>v. §<br>§<br>RICK THALER, DIRECTOR, TEXAS §<br>DEPARTMENT OF CRIMINAL JUSTICE, §<br>CORRECTIONAL INSTITUTIONS §<br>DIVISION, §<br>§<br>*Respondent*. § | Civil Action No. SA-10-CV-249-XR |

## ORDER ACCEPTING UNITED STATES
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On this date the Court considered the United States Magistrate Judge's Report and Recommendation, filed November 18, 2010 (Docket Entry No. 22). After careful consideration, the Court will accept the recommendation and dismiss this case.

**Procedural Background**

Petitioner filed a Petition for a writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 1, 2010.[1]. He challenges his state court conviction for robbery on three grounds: (1) ineffective assistance of counsel at trial and on appeal, (2) violation of the Double Jeopardy clause, and (3) violation of due process by the State's use of perjured testimony.[2] Respondent filed a motion to dismiss on the basis that the petition was barred by the one-year limitations period created by the

---

[1] Pet. for Writ of Habeas Corpus, Apr. 1, 2010 (Docket Entry No. 1).

[2] *Id.*

Antiterrorism and Effective Death Penalty Act ("AEDPA"),[3] and Petitioner filed a response.[4] Magistrate Judge Primomo recommended that the case be dismissed on grounds of the AEDPA one-year limitation,[5] and Petitioner filed Objections to the Magistrate Judge's report.[6] This Court rejected the recommendation on the basis that Petitioner was entitled to equitable tolling of the limitations period pursuant to *Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000), because he pursued his federal habeas process with "diligence and alacrity."[7] Respondent then filed a substantive response to the habeas petition on November 12, 2010,[8] and Magistrate Judge Primomo issued his Report and Recommendation on November 18, 2010.[9]

## Legal Standard

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on November 19, 2010[10] and was received on November 29, 2010.[11] No objections

---

[3] Mot. to Dismiss as Time-Barred, Jul. 2, 2010 (Docket Entry No. 8).

[4] Resp. to Thaler's Mot. to Dismiss, Aug. 11, 2010 (Docket Entry No. 10).

[5] Report and Recommendation, Aug. 18, 2010 (Docket Entry No. 11).

[6] Pet.'s Objections, Aug. 30, 2010 (Docket Entry No. 15).

[7] Order, Sep. 22, 2010 (Docket Entry No. 16).

[8] Resp. to Pet. for Writ of Habeas Corpus, Nov. 12, 2010 (Docket Entry No. 21).

[9] Report and Recommendations, Nov. 18, 2010 (Docket Entry No. 22).

[10] Receipt of Certified Mail, Nov. 19, 2010 (Docket Entry No. 24).

[11] Certified Mail Acknowledgment Receipt, Nov. 29, 2010 (Docket Entry No. 25).

have been filed.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## Analysis

Petitioner was prosecuted in two separate actions in state trial court, Cause No. 2006-CR-8067 (the "2006 case"), and Cause No. 2007-CR-8510 (the "2007 case"). The Magistrate Judge's report concluded that no habeas relief is available in the 2006 case, because a mistrial was declared after the jury was deadlocked, and therefore Petitioner is not "in custody" in that case.[12] This Court agrees that the 2007 case is the only basis for Petitioner to seek habeas relief.

Petitioner claims that he received ineffective assistance of counsel in the 2007 case due to his trial attorney's failure to file a pre-trial writ of habeas corpus on double jeopardy grounds, and his appellate attorney's failure to appeal the trial court's denial of his motion to dismiss the indictment on double jeopardy grounds. The Magistrate Judge found that manifest necessity caused the state trial judge to grant a mistrial in the 2006 case, because the jury was unable to reach a verdict, and sent back three notes stating that they were deadlocked 11-1 for a guilty verdict.[13] *See Richardson v. United States*, 468 U.S. 317, 323-324 (1984); *United States v. Mauskar*, 557 F.3d 219,

---

[12]Report and Recommendations at 3.

[13]*Id.*

228 (5th Cir. 2009). This Court agrees that, because the re-trial was manifestly necessary and thus did not violate the Double Jeopardy clause, neither the failure to seek a pre-trial writ of habeas corpus nor the failure to appeal the denial of the motion to dismiss the indictment amounted to ineffective assistance of counsel. *Renico v. Lett*, 130 S.Ct 1855, 1862-63 (2010). The state habeas court's decision that Petitioner was not denied effective assistance of counsel was therefore not an unreasonable application of clearly-established federal law, and is not a basis for § 2254 habeas relief.

With regard to the double jeopardy claim, the Magistrate Judge found that federal habeas review was barred, because it was not raised on direct appeal in state court.[14] *Dorsey v Quarterman*, 494 F.3d 527, 532 (5th Cir. 2007); *see Harris v. Reed*, 489 U.S. 255, 260 (1989). The state habeas court did review the claim on the merits, however, and the Magistrate found that even if review of the claim was not barred, the state court's decision that Petitioner was not subject to a violation of the Double Jeopardy clause was not an unreasonable application of clearly-established federal law. This Court agrees that § 2254 habeas relief is not warranted on the double jeopardy claim.

On the final claim of denial of due process through the State's use of perjured testimony, the state habeas court found that Petitioner's claim was procedurally defaulted because it was not raised on direct appeal. Petitioner argues that ineffective assistance of counsel excused this procedural default under *Murray v. Carrier,* 477 U.S. 478, 488 (1986). The Magistrate Judge found that ineffective assistance of counsel must be raised as an independent claim in order to be a valid excuse for a procedural default. *Id.* at 489. He also found that Petitioner had failed to overcome his procedural default by showing that failure to consider the claim would result in a fundamental

---

[14]*Id.* at 13.

miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[15] He also found that Petitioner had failed to prove that any part of the challenged testimony was false.[16] The Court agrees that there was no basis for excusing Petitioner's procedural default, and that the due process claim is therefore barred.

Finally, the Magistrate Judge recommended denial of a certificate of appealability, because Petitioner had not made a substantial showing of the denial of a constitutional right as required by *Slack v. McDaniel*, 529 U.S. 473, 475 (2000).[17] This Court agrees that a certificate of appealability is not warranted in this case.

## Conclusion

In accordance with the foregoing, the petition for a writ of habeas corpus is DENIED, and the petition for a certificate of appealability is DENIED. This case is DISMISSED. The clerk is directed to enter a judgment accordingly, with each side to bear its own costs.

It is so ORDERED.

SIGNED this 21st day of December, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at 14.

[16] *Id.* at 15.

[17] *Id.* at 16-17.